UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAHDI DAVOUDBLOUK,<br><br>　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>DAVID MARIN, et al.,<br><br>　　　　　　　　Respondents. | Case No. 2:26-cv-02477-SSC<br><br><br>MEMORANDUM AND ORDER |

On March 9, 2026, Petitioner Mahdi Davoudblouk filed a petition for writ of habeas corpus by a person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[1] who is in immigration detention in Adelanto, California.  (*Id.* at 3.)

The petition alleges the following facts.  Petitioner entered the United States in July 2024 to seek asylum and applied for asylum on January 29, 2025.  (*Id.* at 2, 7.)  He was released on his own recognizance pursuant to 8 U.S.C. § 1226(a).  (*Id.*)  On October 7, 2024, Respondents initiated removal proceedings.  (*Id.* at 8.)  Petitioner was re-detained on February 13, 2026, without explanation.  (*Id.* at 2, 8.)  Petitioner has no criminal history.  (*Id.* at 8.)  The petition seeks release (*id.* at 12), and Petitioner's reply provides that a bond hearing is "an alternative form of relief pleaded in the [p]etition."  (ECF 9 at 2.)

---

[1] Petitioner is a citizen of Iran.  (ECF 1 at 2.)

In the one-paragraph answer, Respondents included the following: "Respondents are not presenting an opposition argument with respect to providing Petitioner a bond hearing at this time."[2]  (ECF 8 at 2.)

With respect to a bond hearing, Petitioner's reply "requests, at minimum, that any bond hearing be subject to safeguards sufficient to make the hearing meaningful, including consideration of ability to pay and non-monetary conditions of supervision."  (ECF 9 at 3.)  The Court agrees with Petitioner that the Ninth Circuit has held that an immigration judge's failure to consider a detainee's financial circumstances in setting an immigration bond amount likely violates the Due Process Clause.  *See Hernandez v. Sessions*, 872 F.3d 976, 990–91, 1000 (9th Cir. 2017).[3]

The Court held a status conference on April 16, 2026.  (ECF 10.) Following the hearing, the parties consented to proceed before this Court.  (ECF 11.)

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **April 29, 2026**, he is provided with an

---

[2] "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).  Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).  In our adversarial system, the judge does not act as inquisitor, conducting the "legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991).

[3] The Court notes that 8 U.S.C. § 1226(e) precludes jurisdiction over claims that an immigration judge, exercising statutorily delegated discretion, "set an excessively high bond amount." *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1067 (9th Cir. 2008).

individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), wherein the immigration judge must consider Petitioner's financial circumstances when setting a bond amount.

DATED: April 21, 2026

_____

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE